# In the United States Court of Federal Claims

No. 21-1633 T
(Filed: January 20, 2022)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *  *
                                      *
GREGORY JOSEPH PODLUCKY               *
AND KARLA SUE PODLUCKY,               *
                                      *
                                      *
              Plaintiffs,             *
                                      *
       v.                             *
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
                                      *
* * * * * * * * * * * * * * * * * *  *
```

*Gregory Joseph Podlucky and Karla Sue Podlucky*, *pro se*, of Colorado Springs, CO.

*Stefan R. Wolfe*, Trial Attorney, Court of Federal Claims Section, Tax Division, Department of Justice, with whom were, *David A. Hubbert*, Deputy Assistant Attorney General, and *David I. Pincus*, Chief, Court of Federal Claims Section, all of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

On July 29, 2021, Plaintiffs Gregory and Karla Podlucky, proceeding *pro se*, filed a complaint with this Court seeking "tax refunds for the tax years 2003, 2004, 2005 and 2006 in the amounts of $90,301, $137,306, $147,272 and $96,859, respectively." ECF No. 1 at 2 ("Compl."). In support of their claims, Plaintiffs attached "amended returns on Form 1040X for the tax years 2003, 2004, 2005 and 2006," which they allegedly filed on July 22, 2021—seven days prior to commencing the instant case. *Id*.; *see also* ECF No. 1-1 ("Pls.' Ex. 1").

Before the Court is the government's motion to dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). ECF No. 10 ("Gov't Mot. Dismiss"). The government moves to dismiss Plaintiffs' complaint on two grounds: first, "[t]here is no jurisdiction for tax years 2003 through 2006 because the claim for refund was not properly filed with the IRS," *id*. at 3, and second, "[t]here is no jurisdiction because the statute of limitations expired for each of the tax years at issue," *id*. at 4.

Plaintiffs' response to the government's motion was due on or before December 27, 2021.  To date, Plaintiffs have not responded.  For the reasons that follow, the government's motion to dismiss is **GRANTED**.

## DISCUSSION

### A.   Legal Standard

Pursuant to RCFC 12(b)(1) and 12(h)(3), this Court must dismiss any claim that does not fall within its subject matter jurisdiction.  In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all undisputed factual allegations made by the non-moving party and draw all reasonable inferences in the light most favorable to that party.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2004) ("In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff.").

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction.  Under the Tucker Act, the Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act, though, "does not, of itself, create a substantive right enforceable against the United States . . . ."  *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)).  Rather, to establish jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States."  *Id.*

"[I]n the context of tax refund suits, . . . Tucker Act jurisdiction is limited by the Internal Revenue Code, including 26 U.S.C. § 7422(a)."  *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citations omitted).  Thus, to the extent a plaintiff seeks a refund of federal taxes that are alleged to have been "erroneously or illegally assessed or collected," the plaintiff must meet the jurisdictional thresholds in 26 U.S.C. § 7422(a), which provides that a taxpayer must first file an administrative claim for a refund with the Internal Revenue Service ("IRS") before bringing an action in any court.  26 U.S.C. § 7422(a); *see also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) ("[A] taxpayer must file an administrative claim with the Internal Revenue Service before filing suit against the Government.").

Moreover, to aid in the jurisdictional analysis of tax cases, RCFC 9(m) sets forth special pleading requirements for tax refund claims.  Pursuant to RCFC 9(m), a plaintiff must provide, among other things, the amount, date, and place of each tax payment to be refunded, as well as a copy of the claim for refund.  RCFC 9(m).  "The requirements of [RCFC 9(m)] embody the jurisdictional prerequisites for maintaining such a suit in this court."  *Simmons v. United States*, 127 Fed. Cl. 154, 160 (2016).

Plaintiffs proceeding *pro se* are entitled to a liberal construction of their pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, all plaintiffs still bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

**B.     Analysis**

Plaintiffs' claims are not within the Court's subject matter jurisdiction. To begin with, Plaintiffs' complaint falls short of compliance with the special pleading rules for tax refund claims set forth in RCFC 9(m). Among other requirements, RCFC 9(m) compelled Plaintiffs to include with their complaint "a copy of the claim for refund" they filed with the IRS. RCFC 9(m)(2)(A). Yet, the only materials included with Plaintiffs' complaint are a series of what purport to be IRS forms 1040X ("Amended U.S. Individual Income Tax Return") dated July 11, 2021, and related attachments. *See generally* Pls.' Ex. 1. Notably, the forms appear blank as to which "calendar year" or "fiscal year" they relate. *Id*. The government admits that the tax years "can be inferred" from the forms when compared with the complaint, Gov't Mot. Dismiss at 2 n.3, but the Court concurs that, nevertheless, Plaintiffs "neither included a statement that set forth the date and place the 2003, 2004, 2005, and 2006 returns were filed, nor stated the place the claims for refund were filed," *id*. at 2 n.1—information expressly required by RCFC 9(m).

The Court's pleading rules, however, are perhaps the least of Plaintiffs' hurdles, as their own filings create an inescapable Catch-22. Recall, 26 U.S.C. § 7422(a) provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . . ." 26 U.S.C. § 7422(a). Section 7422, in other words, necessitates that a plaintiff exhaust its administrative remedies before entering the courthouse. Supporting this exhaustion process, 26 U.S.C. § 6532(a)(1) provides that "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun *before the expiration of 6 months from the date of filing the claim* required under such section unless the Secretary renders a decision thereon within that time . . . ." 26 U.S.C. § 6532(a)(1) (emphasis added). Thus, to the extent the Court reads Plaintiffs' 1040X forms as the prerequisite "claim for refund" in section 7422, such claims for refund were filed with the IRS mere *days* before Plaintiffs filed the instant case—a clear violation of the six-month exhaustion period of section 6532(a)(1). Plaintiffs' complaint shows no evidence that the IRS had already "render[ed] a decision thereon within that time," thus it cannot be said that Plaintiffs exhausted their administrative remedies. On this ground alone, the Court is compelled to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction.

Alternatively, to the extent the Court does *not* read Plaintiffs' exhibit as evidence of a claim for refund, then Plaintiffs' claims appear irreparably beyond the statute of limitations. In relevant part, 26 U.S.C. § 6511 provides that a

>[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . .

26 U.S.C. § 6511(a). Thus, at best, Plaintiffs' 2003, 2004, 2005, and 2006 returns would need to have been "filed" no earlier than July 29, 2018—three years prior to the commencement of this action—to be within the applicable limitations period. No such evidence is offered in Plaintiffs' pleading, aside from the "amended" returns that Plaintiffs assert were filed on July 22, 2021 (and which, for reasons explained immediately above, violate the six-month statutory exhaustion period). *See* Compl. at 2.[1]

Perhaps most fatal, Plaintiffs have not responded whatsoever to the government's motion to dismiss, and the time for doing so has long since passed. Pursuant to RCFC 7.2(b)(1), a response to a 12(b)(1) motion "must be filed within 28 days after service of the motion." RCFC 7.2(b)(1). Since the government filed its motion on November 23, 2021, ECF No. 10, Plaintiffs' response was due on or before December 27, 2021. Plaintiffs, therefore, have failed to comply with the Rules, and RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion . . . ." RCFC 41(b).[2]

Regardless of Plaintiffs' silence to the government's motion to dismiss, the Court possesses independent authority to dismiss *sua sponte* a complaint pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiffs' failure to respond to the government's motion to dismiss could be interpreted as a concession to dismissal. RCFC 41(b). But to any extent that it is not, the Court independently finds that it lacks subject matter jurisdiction over the complaint, given Plaintiffs' failure to comply with RCFC 9(m), failure to conform with the six-month period prescribed by 26 U.S.C. § 6532, and, alternatively, the long-since expired statute of limitations in 26 U.S.C. § 6511(a). Accordingly, the Court is compelled to dismiss Plaintiffs' complaint.

---

[1] The government's motion to dismiss includes "a copy of [Plaintiffs'] tax transcripts for the years 2003-2006. The transcripts reveal that Plaintiffs filed their returns (and paid any taxes due) within one year of the close of the tax year." Gov't Mot. Dismiss at 5. According to the government, "[Plaintiffs'] ability to file any refund claim expired on November 5, 2010." *Id*. The Court does not dispute the government's assertions, but it also does not need to rely on them in dismissing Plaintiffs' complaint. Plaintiffs bear the burden of establishing this Court's subject matter jurisdiction, which they have failed to do.

[2] As the government's motion to dismiss is pursuant to RCFC 12(b)(1)—relevant to the Court's jurisdiction—and not pursuant to RCFC 12(b)(6) or 56—relevant to Plaintiffs' claims—the Court need not carry Plaintiffs across the line in establishing subject matter jurisdiction. *Cf. Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) ("[I]t was incumbent upon the district court, in this case, to inform [the plaintiff] of the pendency of the defendants' motion and to accord him an 'explanation of the risks attending failure to respond to a summary judgment motion.'" (quoting *Ham v. Smith*, 653 F.2d 628, 630 (D.C. Cir. 1981)).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiffs' complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge
